# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:07CR00058-001 |
| v. | ) | **OPINION AND ORDER** |
| DAVID TOBIAS MAY, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The court previously denied sua sponte a reduction of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines Manual. (Order, Feb. 25, 2015, ECF No. 295.) The defendant, by counsel, has now filed a Motion to Reconsider Denial of Sentencing Reduction under Amendment 782. (Sept. 18, 2015, ECF No. 296.) The United States has objected to any such reconsideration. The motion is ripe for decision. For the following reasons, it will be denied.[1]

---

[1] It has been held that a district court has no authority to reconsider its ruling on a § 3582(c)(2) motion, *United States v. Clark*, 565 F. App'x 277, 278 (4th Cir. 2014) (unpublished), but because no motion for reduction was in fact filed before my ruling, I find that I have the power to consider the present motion as if it were the initial § 3582(c)(2) motion. Section 3582(c)(2) expressly permits the court to grant a reduction sua sponte, but not to deny one, although in practice this court has on occasion done so

The defendant, David Tobias May, entered into a written Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), in which he and the United States agreed that following acceptance of his guilty plea, he would be sentenced to a total term of imprisonment of 240 months, consisting of terms of 180 months on each of Counts 1 and 8 of the Indictment, a term of 120 months on Count 13, all such terms to be served concurrently, and a consecutive term of 60 months on Count 9, which charged a violation of 18 U.S.C. § 924(c), requiring such a mandatory minimum consecutive sentence. At sentencing, on July 20, 2009, the court accepted the stipulated sentence under Rule 11(c)(1)(c), and imposed the agreed-upon terms of imprisonment.

Subsequently, the Sentencing Commission retroactively reduced the sentencing ranges for drug offenses by two offense levels. Counts 1 and 8 of the Indictment, of which May was convicted, charge drug trafficking offenses. The question is whether May's Rule 11(c)(1)(c) Plea Agreement disqualifies him from eligibility for a reduction under § 3582(c)(2). The issue must be resolved with reference to the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011).

where it believes the issue is plain, and acting after consultation with the probation office, in an effort to more efficiently handle the large number of potential cases that arise whenever the Sentencing Commission retroactively lowers a sentencing range under the Sentencing Guidelines. Upon reflection, that is probably not a preferable practice, at least without first assigning counsel for the inmate in question and allowing the attorney an opportunity to review the case.

Section 3582(c)(2) permits a reduction for a defendant whose sentence has been "based on" a subsequently lowered sentencing range. In *Freeman*, the Court held that there was no categorical bar to a reduction for a defendant who had entered into a Rule 11(c)(1)(c) agreement. However, Justice Sotomayor, who joined the judgment of the Court to make a majority, reasoned differently than the plurality opinion, and under familiar principles, it is her narrower view that I must follow. *See United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011).

Under Rule 11(c)(1)(c), the parties may stipulate a specific sentence or sentencing range, which is binding on the court once the court accepts the plea agreement. Jusice Sotomayor agreed that normally a Rule 11(c)(1)(c) sentence is not based upon the guidelines and thus § 3582(c)(2) relief is not available. But she found an exception where the "agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission." *Freeman*, 131 S. Ct. at 2695.

In the present case, the Plea Agreement stipulated to a Total Offense Level of 30 applicable to Counts 1 and 8 (the drug offenses) grouped with Count 13 (the firearms offense), as well as a consecutive mandatory sentence for Count 9 of five years. (Plea Agreement 4, ECF No. 262.) However, it did not stipulate to the range of imprisonment under the guidelines. Even if a range could be inferred

from the stipulated Total Offense Level, the agreement did not stipulate to the Criminal History Category applicable to the defendant, a necessary component of the sentencing range. Accordingly, following the holding of *Freeman*, the defendant is ineligible for relief under § 3582(c)(2). *See United States v. Rivera-Martínez*, 665 F.3d 344, 349 (1st Cir. 2011) ("This silence about a criminal history category makes it impossible to conclude from the Agreement alone that the proposed sentence is based on a specific sentencing range.").

For these reasons, it is **ORDERED** that the Motion to Reconsider Denial of Sentencing Reduction under Amendment 782 is DENIED.

    ENTER: November 18, 2015

    /s/ James P. Jones
    United States District Judge