# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:07CR00058 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAVID TOBIAS MAY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, David Tobias May, by counsel, has filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). He relies on Amendment 782, which "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018). *See* U.S. Sentencing Guidelines Manual ("USSG") app. C, amend. 782 (effective Nov. 1, 2014). The motion has been fully briefed and is ripe for decision. The United States argues that based on the *Hughes* decision, May is ineligible for a reduction, and that even if he were, the court should exercise its discretion to deny it. I find that May is eligible for a reduction, but after considering all the required factors, I am not inclined to grant one and will deny the motion.

May entered into a written Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Type-C agreement"), in which he and the United States agreed that following acceptance of his guilty plea by the court, he would be sentenced to a total term of imprisonment of 240 months, consisting of terms of 180 months on each of Counts 1 and 8 of the Indictment, a term of 120 months on Count 13, all such terms to be served concurrently, and a consecutive term of 60 months on Count 9, which charged a violation of 18 U.S.C. § 924(c), requiring such a mandatory minimum consecutive sentence. At sentencing, on July 20, 2009, the court accepted the Type-C agreement, and imposed the agreed-upon terms of imprisonment. When pronouncing his sentence, I stated that I had "consulted the Advisory Sentencing Guidelines." Sent. Hr'g Tr. 4, ECF No. 307.

Subsequently, the Sentencing Commission retroactively reduced the sentencing ranges for drug offenses by two offense levels. Counts 1 and 8 of the Indictment, of which May was convicted, charge drug trafficking offenses. The question is whether May's Rule 11(c)(1)(C) Plea Agreement disqualifies him from eligibility for a reduction under § 3582(c)(2).

Section 3582(c)(2) permits a reduction for a defendant whose sentence has been "based on" a subsequently lowered sentencing range. In *Hughes*, the Supreme Court stated that "[i]n the typical sentencing case there will be no question that the defendant's Guidelines range was a basis for his sentence," as the

Guidelines are the starting point for sentencing calculations, and courts are required to consider them. 138 S. Ct. at 1775. "The Sentencing Guidelines prohibit district courts from accepting Type–C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id.* at 1776. Only in a narrow subset of cases where the Guidelines range was in no way relevant to the judge's analysis of the appropriate sentence will the sentence not have been based on the Guidelines. *Id.* An example of such a case is *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018), where it was clear from the record that the sentencing judge had entirely disregarded the guidelines and instead imposed a sentence based on mandatory minimums and substantial-assistance factors. *Hughes*, 138 S. Ct. at 1776. But cases like *Koons* are rare, and "when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.*

In the present case, the Plea Agreement stipulated to a Total Offense Level of 30 applicable to Counts 1 and 8 (the drug offenses) grouped with Count 13 (the firearms offense), as well as a consecutive mandatory sentence for Count 9 of five years. (Plea Agreement 4, ECF No. 262.) It did not stipulate to the range of imprisonment under the Guidelines or to the Criminal History Category applicable

to the defendant, a necessary component of the sentencing range. Nevertheless, I stated that I considered the Guidelines in deciding to accept the Plea Agreement. "Although other factors may have been relevant, the record does not clearly demonstrate that the Guidelines were irrelevant to [my] acceptance of the plea agreement or that [I] would have imposed the same sentence absent the Guidelines." *United States v. Smith*, 744 F. App'x 805, 806 (4th Cir. 2018) (unpublished). Therefore, applying the principle set forth in *Hughes*, I conclude that May is eligible for relief.

However, in my discretion, I decline to reduce his sentence. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," I may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the factors set forth in 18 U.S.C. § 3553(a), the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii).

The defendant asks me to consider that the Presentence Investigation Report ("PSR") miscalculated his criminal history by assigning him three points each for two offenses that were too old to be considered under the Guidelines. Therefore, the defendant contends his criminal history category is actually III, not IV, which would result in a Guidelines range of only 97 to121 months for Counts One and Eight. Because of this error, and because he is now 55 years old and statistically unlikely to reoffend, the defendant asks me to reduce his sentence to 130 months, the low end of the reduced Guidelines range of 130 to162 months based on the two-level Amendment 782 reduction.[1] The defendant seeks this compromise because I do not have the power to correct his criminal history category now, and reducing his sentence to 130 months would still produce a within-Guidelines sentence. In addition, the defendant notes that he has not committed any disciplinary infractions during his current term of incarceration.

The United States opposes a reduction, noting that May has a serious and violent criminal history. As detailed in the presentence report, he stole and sold a firearm shortly after being released from prison; sold a large amount of methamphetamine and displayed a firearm in the course of doing so; beat a person to the point of inflicting injury; and fired a gun over an individual's head. He began committing serious felonies as a teenager. This is not his first term of

---

[1] Adding the mandatory 60 months of imprisonment for Count Nine gives May a total revised Guidelines range of 190 to 222 months.

imprisonment, demonstrating that prior periods of incarceration have not deterred him from committing additional dangerous crimes. He also absconded from supervision in the past.

May's history reveals him to be a dangerous individual with little regard for the law. A lengthy period of incarceration is necessary to protect the public. While older individuals may have a statistically lower chance of recidivism, I am not convinced that May is likely to live a law-abiding life upon his release from prison. Having considered the nature and characteristics of his crimes and all of the information contained in the PSR, I conclude that May's current sentence of 240 months remains appropriate despite Amendment 782's two-offense-level reduction for his drug offenses.

For these reasons, it is **ORDERED** that the Motion to Reconsider Denial of Sentencing Reduction under Amendment 782 is DENIED.

ENTER: February 20, 2019

/s/ James P. Jones
United States District Judge